UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GARY ALLEN REINGARDT,

    Petitioner,

v.                                               Case No. 2:07-cv-49
                                               HON. R. ALLAN EDGAR

JEFF WHITE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Gary Allen Reingardt filed this petition for writ of habeas corpus challenging the validity of his state court conviction for second degree criminal sexual conduct. Petitioner was convicted after he made a no contest plea the morning of his scheduled jury trial in exchange for dismissal of a first degree criminal sexual conduct charge and on March 14, 2005, was sentenced to a prison term of 57 to 180 months.

Petitioner filed a motion to withdraw his plea before sentencing, arguing that counsel was ineffective for failing to file a speedy trial motion. A hearing was held in the trial court on April 28, 2006. The trial court denied petitioner's motion. Petitioner filed a delayed application for leave to appeal asserting:

> I. Did the trial court abuse its discretion and violate petitioner's state and federal constitutional rights to due process in denying his motion to withdraw his plea prior to sentencing?
>
> II. Is petitioner entitled to re-sentencing because improper judicial factfinding increased his authorized maximum sentence from an intermediate sanction to a prison sentence, in violation of his right to a trial by jury?

The Michigan Court of Appeals denied the application on September 6, 2006. Petitioner filed an application for leave to appeal adding a new claim arguing that his speedy trial rights were violated. The Michigan Supreme Court denied leave to appeal on January 4, 2007.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed a motion to dismiss and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner has raised the following issues in his petition:

I. Petitioner's counsel offered constitutionally ineffective assistance when he failed to file a motion for dismissal based on the denial of petitioner's constitutional and statutory rights to a speedy trial.

II. Petitioner is entitled to resentence because improper judicial fact-finding increased his authorized maximum sentence from an intermediate sanction to a prison sentence in violation of his right to trial by jury.

III. Petitioner is entitled to 21 additional days of credit.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal

claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Petitioner never fairly presented claims I and III to each level of the Michigan courts. Petitioner clearly failed to establish that he exhausted his state court appeals on this issue. It appears that petitioner may still file a motion in the state courts under MCR 6.500.

In summary, the undersigned concludes that petitioner has failed to exhaust his state court appeals. It is recommended that respondent's motion to dismiss (Docket #11) be granted and this case be dismissed without prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of petitioner's claims are properly dismissed on the procedural grounds of failure to exhaust state court appeals. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
    TIMOTHY P. GREELEY
    UNITED STATES MAGISTRATE JUDGE

Dated: June 16, 2008